**MEMO ENDORSED**


# SANTANA LAW FIRM

260 Madison Avenue – 8th Floor
New York, N.Y. 10016

Tel: (212) 448-0055 Fax: (646) 349-2185


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:________________
DATE FILED: 09/14/2026

November 11, 2026

**By ECF**
Hon. Valerie Caproni
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

Re: Estate of Samuel Williams v. City of New York, et al.
26 CV 4491 (VEC)

Dear Judge Caproni:

We represent the Plaintiff in the above referenced action and write in response to the Court's September 2, 2026 order that Plaintiff show cause as to why Defendant Hermes Rodriguez should not be dismissed without prejudice in this action for lack of service within the time prescribed by Federal Rule of Civil Procedure 4(m), and to respectfully request that the Court enlarge the deadline for such service by two weeks from the date of this Court's ruling.

## PROCEDURAL BACKGROUND

The Plaintiff commenced this action on May 28, 2026 by the filing of the Summons and Complaint in which names the City of New York and six individual NYPD officers, including Hermes Rodriguez, as defendants in this action. Plaintiff timely effected service on the City of New York and on each individual defendant, with the exception of Defendant Hermes Rodriguez. On August 10, 2026, the Court granted Plaintiff's request for additional time until August 26, 2026, to serve the Summons and Complaint on Defendant Hermes Rodriguez; a deadline that was 90 days from the date the action was filed. Plaintiff was unable to meet that deadline.

## GOOD CAUSE EXISTS FOR EXTENSION OF TIME

As Plaintiff has learned, Hermes Rodriguez retired from the NYPD prior to the commencement of this action; a fact that has frustrated Plaintiff's ability to serve him. As a retired member of the force, Rodriguez is no longer assigned to any precinct or command, and thus cannot be served at his place of employment. As the NYPD does not maintain (or does not disclose) home

addresses for retired personnel, service on defendants such as Rodriguez is often difficult and is often only resolved with the cooperation of defense counsel for the municipal defendant. Here, however, the City has not yet answered or appeared in the action. On August 6, 2026, my office received correspondence from the Senior Police Administrative Aid of the Employee Verification Unit for NYPD, in which we were informed that Rodriguez was "inactive." No further information was provided.

Our investigative efforts have now identified what is believed to be Rodriguez' current residential address in upstate New York. Plaintiff intends to promptly effect service on Rodriguez at this newly discovered address.

Rule 4(m) requires district courts to extend the time for service upon a showing of good cause and permits the court to grant a discretionary extension even absent good cause. See Fed. R. Civ. P. 4(m); Zapata v. City of New York, 502 F.3d 192, 196–97 (2d Cir. 2007) (district courts retain discretion to extend the service deadline where, among other things, denial of an extension would render the plaintiff's claims time-barred). Unlike the Plaintiff in Zapata, Plaintiff has advanced a good faith explanation for the delay in service. The delay is attributable, not to any lack of diligence on Plaintiff's part, but to Rodriguez's retirement from the NYPD and the resulting unavailability of a service address from his former employer, compounded by the NYPD's refusal to disclose one.

As the Court is aware, Plaintiff timely served every other defendant in this action, demonstrating diligence and good faith throughout the service period, leaving the outstanding service on Rodriguez as the sole remaining procedural issue. Absent an extension of time, dismissal of the claims against Rodriguez would effectively be with prejudice as the applicable statute of limitations has recently expired. The preclusive impact of dismissal weighs heavily in favor of granting an extension. Defendant Rodriguez will suffer no cognizable prejudice from a short extension of the service deadline, as defendant City of New York (his former employer), has been on notice of this action since its inception.

Dismissal would, however, be highly punitive for the Plaintiff given the seriousness of the claims in this case. On May 28, 2023, the individual defendants were driving in a four-car convoy over the University Heights Bridge when they deliberately crossed over into oncoming traffic with the intention of stopping Samuel Williams, who was driving towards them on a motorbike at a reasonable and lawful speed. As a direct and proximate result of the defendant's intentional conduct, Williams collided with one of the vehicles and suffered serious injuries to his lower extremities. He was taken to a local hospital from the scene, where he died the next day. His cause of death has been determined by the Office of the Chief Medical Examiner to be causally related to the various injuries caused by the defendants. Rodriguez was, upon information and belief, the operator of the first NYPD vehicle to cross over the dividing line and force Samuel Williams into what proved to be a fatal collision with a second police vehicle.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant an extension of time, pursuant to Fed. R. Civ. P. 4(m), of two (2) weeks from the date of this Court's order within which to complete service of the Summons and Complaint on defendant Rodriguez.

Thank you for your kind attention.

Respectfully submitted,

Jaime Santana, Esq.
Attorney for Plaintiff

Application GRANTED. Plaintiff must serve Defendant Rodriguez no later than **Monday, September 28, 2026.** Plaintiff is advised that no further requests for extension of time as to serving Defendant Rodriguez will be granted.

SO ORDERED.

09/14/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE